A. Rhett TABER, Relator,

v.

COMMISSIONER OF ECONOMIC
SECURITY, Respondent.

No. C7–84–2028.

Court of Appeals of Minnesota.

April 9, 1985.

A. Rhett Taber, pro se.

Donald E. Notvik, Sp. Asst. Atty. Gen.,
St. Paul, for respondent.

Heard, considered and decided by POPO-
VICH, C.J., and LANSING and FORS-
BERG, JJ.

## OPINION

FORSBERG, Judge.

Relator A. Rhett Taber appeals from the
determination of the Commissioner of Eco-
nomic Security that he was ineligible to
receive unemployment compensation bene-
fits on a number of weeks pursuant to
Minn.Stat. § 268.04, subds. 23 and 25
(Supp.1983).

## FACTS

During several weeks in 1983, relator
was laid-off from his full-time employment

as a dry-wall hanger. During that same period, he was self-employed on a part-time basis as an attorney at law. He conducted his law practice from his home and hired no employees.

In his claim for unemployment compensation benefits, relator reported amounts of gross income earned by him in his law practice during the weeks for which unemployment benefits were claimed. Because these amounts were greater than his weekly benefit amount, the department denied him benefits as being self-employed.

In his department appeal, and on appeal before this court, relator argues that his gross income for the weeks should be reduced via some formula by his expenses for doing business and that, if it were so reduced, his income would fall below his entitlement from his full-time job and leave him eligible for benefits.

## ISSUE

1. Is a part-time self-employed individual, otherwise eligible for unemployment compensation benefits, entitled to deduct from gross earnings certain business expenses for the purpose of determining "wages" and eligibility for unemployment benefits pursuant to Minn.Stat. § 268.04, subds. 23 and 25?

## ANALYSIS

In a prior claim by this relator, the Commissioner stated:

We do agree that a self-employed claimant ought not to be allowed to deduct any expenses which would be similar to expenses that would be incurred by an employee in the course of his employment; however, there are certain expenses which a self-employed person might have that an employee would not have. Such expenses would be rent, payment of wages to employees, cost of goods sold, and the like.

In this case, arising out of claims by the same individual under the same circumstances and for later weeks, the Commissioner referred with approval to the earlier decision and determined that relator's claimed deductions either did not fall into the deductible categories or were insufficiently detailed to qualify for deduction from his income.

While we can envision the case in which an unemployed person seeking benefits for weeks in which he received some income from self-employment should be able to deduct the expenses of doing business, we agree with the Commissioner that, in this case, relator has not shown that the expenses claimed were deductible business expenses.

The fact that an expense may be deductible for tax purposes does not make it deductible from reportable income for unemployment compensation purposes. As the Commissioner noted, professional fees, the cost of continuing education, books and general supplies, although deductible from income for tax purposes, may not be deducted from gross income for determining eligibility for unemployment benefits. These are expenses that may be incurred by any attorney in the employ of someone else. To be deductible from income for unemployment purposes, an expense must arise directly from the self-employment.

Because we affirm the decision of the Commissioner that claimant has not proven any actual business deductions from gross income, we do not address the proper method for apportioning received income and deductions among the benefit weeks.

## DECISION

Claimant has failed to prove that his claimed deductions from income are expenses arising solely from his status as a self-employed person and he is disqualified from the receipt of unemployment compensation benefits for the weeks in which his income exceeded his weekly benefit amount.

AFFIRMED.